**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS DAVID HERNANDEZ, | No. 10-70071 |
| Petitioner, | Agency No. A073-987-516 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Carlos David Hernandez, a citizen of Guatemala, seeks review of a

determination by the Board of Immigration Appeals ("BIA") denying him special

rule cancellation.  Because Hernandez failed to register on or before December 31,

1991, for benefits under the Nicaraguan Adjustment and Central American Relief

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Act, Pub. L. No. 105-100, 111 Stat. 2160 (Nov. 19, 1997) ("NACARA"), we agree

with the BIA that he is not eligible for special rule cancellation.[1]

NACARA created a special rule cancellation of removal for certain aliens.

For Guatemalans, such as Hernandez, an alien has to show that he (a) entered the

United States on or before October 1, 1990, (b) has been continuously in the

United States for seven or more years, (c) is of good moral character, and (d)

would suffer extreme hardship if removed.  *See* 8 C.F.R. §§ 1240.60, 1240.66.  In

addition, NACARA requires Hernandez to have first registered for benefits on or

before December 31, 1991, (*see* 8 C.F.R. §§ 1240.60, 1240.61(a)(2) and (3),

1240.62(a)(2)).

Hernandez concedes that he did not register for benefits by December 31,

1991.  In 1992, Hernandez consulted Carlos Escriba.  Hernandez thought Escriba

was an attorney, but he was an unregistered immigration consultant and not an

attorney.

Hernandez claims that because Escriba misled him and failed to file an

asylum application for Hernandez until February 1, 1996, the January 3, 1995,

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

deadline for filing an asylum application under NACARA should be equitably tolled.

Regardless of whether the January 1, 1995 deadline may be equitably tolled, *see Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1098 (9th Cir. 2005), the combination of two factors renders Hernandez ineligible for relief. First, special rule cancellation under NACARA is only available to qualifying Guatemalans who registered on or before December 31, 1991. *See* 8 C.F.R. § 1240.66(c) (requiring that for a special rule cancellation, an alien "must be described in § 1240.61," which requires that the alien register by December 31, 1991). Second, we have held that the December 31, 1991, deadline established by Congress is a statute of repose that cannot be equitably tolled. *Munoz v. Ashcroft*, 339 F.3d 950, 956-57 (9th Cir. 2003); *see also Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048-49 (9th Cir. 2008). Thus, Hernandez's failure to timely register on or before December 31, 1991, rendered him ineligible for special rule cancellation even before he had the misfortune of meeting Escriba.

In sum, NACARA provides that otherwise qualifying Guatemalans who registered by December 31, 1991 – that is let the government know of their presence in the United States – could obtain immigration relief if they then filed an asylum application by January 3, 1995. This appears to be a rational program.

3

Accordingly, even if the statutory scheme were considered ambiguous, we would defer to the Attorney General's reasonable interpretation of the statutory scheme. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 908-11 (9th Cir. 2009).

Finally, Hernandez argues that the government's difficulties and improprieties in enforcing the December 31, 1991, deadline reduce the importance of the deadline and accepting his late application would not prejudice the government. We do not see how the government's liberal interpretation of what constituted registration on or before December 31, 1991, can benefit Hernandez who admits that he made no attempt to register. Furthermore, the government's difficulties in implementing the December 31, 1991, deadline does not relieve us of our duty to follow our prior decision in *Munoz*, 339 F.3d at 957.

Hernandez did not register for benefits under NACARA on or before December 31, 1991, and accordingly he is not eligible for special rule cancellation. His petition for review of the BIA's denial of his application for special rule cancellation is **DENIED**.